■ DEBRA CARLINO, Appellant, v CHARLES CARLINO, Appellant.—In an action to recover arrears of maintenance and child support allegedly due pursuant to a stipulation which was incorporated but not merged in a judgment of divorce between the parties, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated October 25, 1989, which denied her motion for partial summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The husband withheld child support and maintenance payments when the wife, with the parties' children, moved more than 50 miles from the husband's place of residence without first obtaining his consent or the consent of the court. The Supreme Court concluded that consent was required by the parties' stipulation, which survived the judgment of divorce, and by the judgment of divorce itself. We agree with the Supreme Court that the parties stipulated to frequent and regular visitation by the husband with the children, and further stipulated that the wife would not move with the children more than 50 miles from her residence on Staten Island or 50 miles from the residence of the husband without first securing his consent or the consent of the court. By the clear terms of the stipulation, the husband had the right to cut off both maintenance and child support if the wife violated this provision. He has, nevertheless, paid child support, and the only obligation in issue is the payment of maintenance to the wife.

When, as here, the intention of the parties is clearly and unambiguously set forth in the agreement itself, effect must be given to the intent as indicated by the language used without regard to extrinsic evidence. Thus, the express provisions of the stipulation establish the rights of the parties and prevail over the wife's conclusory allegations and her assertions of subjective intent *(see, Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 157). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.